## (August 30, 1979)

■ In the Matter of JAMES L. CAIN, Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.— Respondent was admitted to the Bar by this court on January 20, 1955. Petitioner moves to confirm a Referee's report which, based upon respondent's admissions, sustained three charges of professional misconduct consisting of neglect of an estate by failing to offer a will for probate until 30 months after the testator's death and thereafter failing to file an application to fix the estate tax or for an accounting until 18 months later; failure to co-operate with petitioner and its predecessor in its investigation of respondent's handling of the estate; and failure to co-operate with beneficiaries of the estate and their representatives. In addition, the Referee recommended that respondent be examined by a psychiatrist, since it appeared that respondent's misconduct occurred at a time when he was using alcohol to excess. A psychiatrist appointed by the court has reported that although respondent had been markedly impaired in his ability to function in the

past because of his alcohol addiction, his present attitude and approach to his problem make him a good risk to handle the practice of law. The Committee on Character and Fitness for the Sixth Judicial District, to which the matter was referred, has reported that respondent appears to have his former alcoholic-related problem under control and that, in its opinion, he is presently capable of practicing law. The motion to confirm the Referee's report is granted. In considering the sanction to be imposed for respondent's misconduct, we note in mitigation that respondent's actions resulted in large part from his abuse of alcohol, for which condition he has since undergone medical treatment, therapy and counseling. Moreover, inasmuch as respondent has paid the fees of the attorneys retained by the beneficiaries to pursue their interests in the estate, no one appears to have suffered any financial loss as the result of respondent's neglect. Although we cannot condone respondent's misconduct, under all the circumstances, we have determined that the ends of justice will be adequately served by a censure. Respondent censured. Mahoney, P. J., Sweeney, Staley, Jr., Main and Mikoll, JJ., concur.

---

### JUDGMENT AFFIRMED

| | | |
|---|---|---|
| Giordano, Matter of, v Coveney | 8/21/79 | 2d Dept. |
| Griffith, Matter of, v Hayduk | 8/21/79 | 2d Dept. |
| Kahler, Matter of, v McNab | 8/21/79 | 2d Dept. |
| Kornfeld, Matter of, v Coveney | 8/21/79 | 2d Dept. |
| Messina, Matter of, v Hayduk | 8/21/79 | 2d Dept. |
| People v Baskert (Robert) | 8/6/79 | 2d Dept. |
| People v Long (Henry) | 8/6/79 | 2d Dept. |
| People v McKee (Dennis) | 8/6/79 | 2d Dept. |
| People v Troutman (Leotis) | 8/6/79 | 2d Dept. |
| Shapiro v E. W. Bliss Co. | 8/27/79 | 2d Dept. |
| Siegel, Matter of, v Hayduk | 8/21/79 | 2d Dept. |
| Troisi, Matter of, v Hayduk | 8/21/79 | 2d Dept. |

### ORDER AFFIRMED

| | | |
|---|---|---|
| Cecil L., Matter of | 8/30/79 | 2d Dept. |

### SENTENCE AFFIRMED

| | | |
|---|---|---|
| People v Arzuaga (Arnold) | 8/6/79 | 2d Dept. |
| People v Curto (Michael) | 8/6/79 | 2d Dept. |
| People v Gaines (Lawrence) | 8/6/79 | 2d Dept. |

## First Department, September, 1979

### (September 7, 1979)